### MILLER AND TAFEL, TRUSTEES, V. RYAN AND RYAN.

AN APPEAL BOND IS VACATED, WHEN.

An appeal bond from the probate court to "the appellate court" is vacated when the judgment which follows in the common pleas is reversed and a different judgment rendered by the circuit court.

HEARD ON ERROR to the Common Pleas Court.

This was in action for recovery of $7,500 from the defendants on an appeal bond executed by John B. Mannix, assignee of J. B. and Edward Purcell. The appeal was from the judgment of the probate court, which was June 2, 1886, rendered against Mannix for $305,827.70. The obligation of the bond was that "the said John B. Mannix shall abide the order, judgment or decree of the appellate court," etc. The appeal was to the common pleas where the judgment was reduced to $285,227.58. The case was then taken on error to the circuit court where the judgment of the court of common pleas was reversed and judgment rendered against Mannix for $189,975.83, which the supreme court affirmed. Then came the present suit on the appeal bond. The hearing below was before Judge Kumler, who sustained a demurrer to the answer.

SWING, J.

We are of the opinion that this case comes within the rule laid down in the case of *Meyers et al.* v. *Parker*, 6 O. S., 501.

The liability of the sureties on the bond in this case was to abide the judgment of the appellate court, to wit, the court of common pleas. There is no judgment of the court of common pleas, hence they are not liable.

The judgment of the court of common pleas was reversed by the circuit court, and by consent of the parties to the action—not the sureties—that court rendered another and a different judgment. The sureties did not agree to be liable for the separate and distinct judgment of the circuit court, but they did agree to be liable for the satisfaction of the judgment of the court of common pleas.

When the judgment of the court of common pleas was reversed and held for naught, their obligation on that judgment ceased.

The judgment of the court of common pleas is therefore affirmed.

*S. A. Miller* and *Gustav Tafel* for the Plaintiffs in Error.

*Harmon, Colston, Goldsmith & Hoadly* and *Thos. McDougall* for the Sureties.